**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| CAROLYN BURNES,<br><br>Plaintiff.<br><br>v.<br><br>BOARD OF EDUCATION OF THE CITY OF CHICAGO,<br><br>Defendant. | Case No. 26-cv-10480<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT**

NOW COMES Plaintiff, CAROLYN BURNES, by and through her counsel, Jeffrey Law Office, LLC, and complains of Defendant, BOARD OF EDUCATION OF THE CITY OF CHICAGO, and states as follows:

**JURY DEMAND**

Plaintiff hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all triable issues.

**JURISDICTION & VENUE**

1. This action is brought under Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e, et. Seq., the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq., the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621 et seq., and 28 U.S.C. § 1331.

2. Venue is proper in this Court under 28 U.S.C. § 1391, as Defendant resides in this District, all of the events or omissions giving rise to these claims occurred in this District, and Plaintiff was harmed by Defendant in this District.

## PARTIES

3. Plaintiff, CAROLYN BURNES ("Plaintiff"), was at all times relevant to this suit an adult, residing in Chicago, Illinois. Plaintiff was harmed by Defendant in this District.

4. Defendant, BOARD OF EDUCATION OF THE CITY OF CHICAGO ("Defendant"), is duly organized and doing business in Illinois. It has obligations as an indemnitor of conduct of its employees and officers under at least 745 ILCS 10/2-301, *et seq.* and 745 ILCS 10/9-101, *et seq*. Defendant harmed Plaintiff in this District. Defendant employs at least 15 full-time employees and therefore is a covered employer under Title VII, the ADA, and the ADEA.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

5. On or about March 3, 2026, Plaintiff timely filed a Charge of Discrimination alleging religion discrimination, disability discrimination, age discrimination, and retaliation with the Equal Employment Opportunity Commission ("EEOC"), Charge No. 440-2026-04857 against Defendant.

6. On June 1, 2026, Plaintiff received a Notice of Right to Sue from the EEOC regarding Charge No. 440-2026-04857.

7. Therefore, Plaintiff's Complaint was filed in a timely manner; and Plaintiff has fully complied with all prerequisites to jurisdiction in this Court.

## UNDERLYING FACTS COMMON TO ALL COUNTS

8. Plaintiff is an employee of Defendant. She is a Case Manager.

9. At all times relevant hereto, Ms. Cole was Plaintiff's direct supervisor and Principal at her school, Minnie Monoso Academy.

10. Plaintiff has always performed her job satisfactorily and within Defendant's legitimate expectations.

11. Plaintiff's religion is Hebrew Israelite.

12. Plaintiff had disabilities that are covered by the ADA, including Anxiety, Migraines, and Arthritis.

13. Plaintiff is over 40 (Year of Birth: 1975).

14. Defendant was apprised of Plaintiff's religion, disabilities, and age.

15. On more than one occasion, Plaintiff requested time off for religious holidays, including on 9/6/25 and 9/19/25.

16. Principal Cole immediately retaliated by sharing Plaintiff's requests with staff members on 9/22/25.

17. On or about 10/7/25, Plaintiff requested ADA accommodation, including flexible work hours to allow for rest breaks, adjustment of the workday when experiencing severe headaches or symptom flare-ups, and accommodation for medical appointments; reduction in screen time or adjustments to minimize exposure to bright lights and excessive computer use; the option to work in a quieter or more private space to reduce noise; shorter work hours or a reduced workload, particularly during the early stages of recovery; permission to take breaks as needed to manage symptoms; uninterrupted breaks between meetings; and use of a "break" or "lunch break" sign on her desk to communicate uninterrupted break times.

18. Principal Cole denied Plaintiff's request, stating she could not allow the same for staff at her school. At the same time, Cole alleged she was not aware of Plaintiff's religious holiday time off request.

19. Then, on or about 11/10/25, Principal Cole shared Plaintiff's ADA request with Union Rep., Ms. Verdone, and inquiring of Plaintiff's disabilities and request for accommodation.

20. Cole then began to harass and humiliate Plaintiff in public and through text messages; stalking Plaintiff's personal social media accounts; falsely accusing Plaintiff of working as a parent advocate and having communications issues with staff; using outdated materials and methods (creating a culture of age discrimination).

21. Then, on 2/4/26, in discriminatory and retaliatory fashion, Cole unjustifiably scheduled a disciplinary meeting with Plaintiff.

22. Because of her religion, Plaintiff was and continues to be subjected to disparate treatment and discriminatory acts by Defendant, in violation of Title VII.

23. Because of her disability, Plaintiff was and continues to be subjected to disparate treatment and discriminatory acts by Defendant, in violation of the ADA.

24. Because of her age, Plaintiff was and continues to be subjected to disparate treatment and discriminatory acts by Defendant, in violation of the ADEA.

25. Further, in retaliation for exercising a protected activity, by requesting time off for a religious holiday, requesting ADA accommodation, and filing a grievance and complaining of harassment and discrimination, Defendant increased the disparate and discriminatory treatment.

## COUNT I – RELIGION DISCRIMINATION
## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. § 2000e, et. Seq

26. Plaintiff realleges and incorporates by reference and all facts and allegations in all other paragraphs of Plaintiff's Complaint as if fully set forth herein.

27. Plaintiff, being Hebrew Israelite, is a member of a protected class.

28. Plaintiff was qualified to perform the job duties and responsibilities within Defendant's legitimate expectations.

29. Plaintiff apprised Defendant of her religion, Hebrew Israelite.

30. Defendant discriminated against Plaintiff because of her religion by refusing to accommodate her desire of a safe and free non-discriminatory hiring process and for discriminating against her for the same and would not have done so had Plaintiff not been Hebrew Israelite and everything else having been the same.

31. Other employees that were not in Plaintiff's protected class, subjected to the same workplace policies, procedures, and guidelines as Plaintiff, were not discriminated against as Defendant accommodated those employees' safe and free non-discriminatory workplace rights. This unlawful discrimination directly impacted Plaintiff's terms and conditions of employment with Defendant.

32. Plaintiff's religion was a substantial and motivating factor in Defendant's decision to discriminate against Plaintiff. Defendant would not have discriminated against Plaintiff absent consideration of Plaintiff's religion.

33. Defendant's discrimination constitutes unlawful discrimination in direct violation of Title VII.

WHEREFORE, Plaintiff, CAROLYN BURNES, respectfully requests that this Court enter judgment in her favor and against Defendant as follows:

A. Declare, decree, and adjudge that Defendant violated Title VII;

B. Grant an injunction against Defendant from violating Title VII and to protect other job candidates from such violations;

C. Enter appropriate injunctive relief awarding the Plaintiff the front pay, wages, employee benefits, and other compensation that she was denied or lost;

D. Order Defendant to pay the Plaintiff compensatory damages;

E. Award the Plaintiff pre-judgment and post-judgment interest to which she is entitled;

F. Award the Plaintiff her reasonable attorney's fees and costs; and

G. Award such other and further relief as it is just and appropriate, including nominal damages.

**COUNT II – RETALIATION**
**TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. § 2000e, et. Seq**

34. Plaintiff realleges and incorporates by reference and all facts and allegations in all other paragraphs of Plaintiff's Complaint as if fully set forth herein.

35. It is an unlawful employment practice for an employer to fail or refuse to hire, refuse to promote, suspend or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, for engaging in a protected activity.

36. Plaintiff (Hebrew Israelite) is a member of a protected class under Title VII.

37. Plaintiff engaged in a Title VII protected activity by reporting illegal acts by Defendant.

38. Defendant knowingly and intentionally engaged in harassment and retaliation of Plaintiff by creating an intolerable, hostile work environment for Plaintiff.

39. Defendant's decision to discriminate and retaliate against Plaintiff was solely motivated by the fact that she requested time off for a religious holiday, requested ADA accommodation, and filed a grievance and complained of harassment and discrimination.

40. Defendant would not have retaliated against Plaintiff had she not participated in the aforementioned protected activities. The retaliation against Plaintiff directly impacted her terms and conditions of employment with Defendant.

41. Defendant's retaliation against Plaintiff constitutes unlawful discrimination in direct violation of Title VII.

42. As a direct and proximate result of Defendant's unlawful and willful violations, Plaintiff has suffered economic and non-economic damages, including but not limited to loss of wages, emotional distress, damaged reputation, humiliation, anguish and outrage.

WHEREFORE, Plaintiff, CAROLYN BURNES, respectfully requests that this Court enter judgment in her favor and against Defendant as follows:

A. Declare, decree, and adjudge that Defendant violated Title VII;

B. Grant an injunction against Defendant from violating Title VII and to protect other employees from such violations;

C. Enter appropriate injunctive relief awarding the Plaintiff the back pay, front pay, wages, employee benefits, and other compensation that she was denied or lost;

D. Order Defendant to pay the Plaintiff compensatory damages;

E. Award the Plaintiff pre-judgment and post-judgment interest to which she is entitled;

F. Award the Plaintiff her reasonable attorney's fees and costs; and

G. Award such other and further relief as it is just and appropriate, including nominal damages.

**COUNT III — DISCRIMINATION**
**AMERICANS WITH DISABILITIES ACT, 42 U.S.C. § 12101, et. seq.**

43. Plaintiff incorporates by reference and restates herein by express reference all other paragraphs of this Complaint.

44. Defendant is an employer, as defined by the ADA.

45. Plaintiff has been diagnosed with disabilities protected by the ADA.

46. Plaintiff satisfied the prerequisites of and was qualified to perform the essential functions of her job with or without reasonable accommodation.

47. The ADA prohibits discrimination against a qualified individual with a disability because of the disability in regard to advancement and other terms, conditions, and privileges of employment. See 42 U.S.C. § 12112(a).

48. Nevertheless, Defendant discriminated and retaliated against Plaintiff because she suffered from the aforementioned disability and requested accommodation.

49. Similarly situated employees without a disability were treated more favorably by Defendant.

50. Therefore, Plaintiff suffered an adverse employment action by Defendant because of her disability.

51. Defendant's discrimination constitutes unlawful discrimination in direct violation of ADA.

WHEREFORE, Plaintiff, CAROLYN BURNES, respectfully requests that this Court enter judgment in her favor and against the Defendant as follows:

A. Declare, decree, and adjudge that the Defendant violated ADA;
B. Grant an injunction against the Defendant from violating ADA and to protect other employees with disabilities from such Civil Rights violations;
C. Enter appropriate injunctive relief awarding the Plaintiff the back pay, front pay, wages, employee benefits, and other compensation that she was denied or lost;
D. Order the Defendant to pay the Plaintiff compensatory and punitive damages;
E. Award the Plaintiff pre-judgment and post-judgment interest to which she is entitled;
F. Award the Plaintiff her reasonable attorney's fees and costs; and

G. Award such other and further relief as it is just and appropriate, including nominal damages.

**COUNT IV — RETALIATION**
**AMERICANS WITH DISABILITIES ACT, 42 U.S.C. § 12101, et. seq.**

52. Plaintiff incorporates by reference and restates herein by express reference all other paragraphs of this Complaint.

53. Defendant is an employer, as defined by the ADA.

54. Plaintiff has been diagnosed with disabilities protected by the ADA.

55. Plaintiff satisfied the prerequisites of and was qualified to perform the essential functions of her job with or without reasonable accommodation.

56. The ADA prohibits retaliation against an employee for exercising her rights under the Act. See 42 U.S.C. § 12203(a).

57. Nevertheless, Defendant discriminated and retaliated against Plaintiff because she suffered from the aforementioned disabilities and requested accommodation.

58. Similarly situated employees without a disability were treated more favorably by Defendant.

59. Therefore, Plaintiff suffered an adverse employment action by Defendant because of her disability.

60. Defendant's discrimination constitutes unlawful discrimination in direct violation of ADA.

WHEREFORE, Plaintiff, CAROLYN BURNES, respectfully requests that this Court enter judgment in her favor and against the Defendant as follows:

A. Declare, decree, and adjudge that the Defendant violated ADA;

B. Grant an injunction against the Defendant from violating ADA and to protect other employees with disabilities from such Civil Rights violations;

C. Enter appropriate injunctive relief awarding the Plaintiff the back pay, front pay, wages, employee benefits, and other compensation that she was denied or lost;

D. Order the Defendant to pay the Plaintiff compensatory and punitive damages;

E. Award the Plaintiff pre-judgment and post-judgment interest to which she is entitled;

F. Award the Plaintiff her reasonable attorney's fees and costs; and

G. Award such other and further relief as it is just and appropriate, including nominal damages.

**COUNT V — AGE DISCRIMINATION**
**AGE DISCRIMINATION IN EMPLOYMENT ACT, 29 U.S.C. § 621, et. seq.**

61. Plaintiff incorporates by reference and restates herein by express reference all other paragraphs of this Complaint.

62. Plaintiff is over forty (40) years old. Her year of birth is 1975, and therefore a member of a protected class.

63. Plaintiff was qualified to perform the job duties and responsibilities within Defendant's legitimate expectations.

64. The ADEA prohibits discrimination and/or harassment of a person because the individual is age 40 or older.

65. By the conduct described above, Defendant and its agents intentionally discriminated against Plaintiff in her employment because of her age, in violation of the Age Discrimination in Employment Act.

66. As a result of the unlawful and willful acts complained of herein, Plaintiff has suffered economic and non-economic damages, including but not limited to loss of wages, emotional distress, humiliation, anguish and outrage.

WHEREFORE, Plaintiff, CAROLYN BURNES, respectfully requests that this Court enter judgment in her favor and against the Defendant as follows:

A. Declare, decree, and adjudge that the Defendant violated the ADEA;
B. Grant an injunction against the Defendant from violating the ADEA and to protect other job candidates over forty from such Civil Rights violations;
C. Enter appropriate injunctive relief awarding Plaintiff front pay, wages, employee benefits, and other compensation that she was denied or lost;
D. Order the Defendant to pay the Plaintiff compensatory damages;
E. Award the Plaintiff pre-judgment and post-judgment interest to which she is entitled;
F. Award the Plaintiff reasonable attorney's fees and costs; and
G. Award such other and further relief as it is just and appropriate, including nominal damages.

Dated: August 30, 2026

/s Antonio L. Jeffrey
Attorney for Plaintiff

JEFFREY LAW OFFICE, LLC
Antonio L. Jeffrey (#6308345)
1301 W. 22nd Street, Suite 308
Oak Brook, Illinois 60523
(312) 583-7072
(312) 583-0888 (fax)
ajeffrey@jeffreylawoffice.com